# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5310/03C6515 | **DATE** | 6/16/2004 |
| **CASE TITLE** | Armament Systems & Procedures, Inc. vs. Suncoast Merchandise Corporation  Sun Coast Merchandise Corp. v. Armament Systems and Procedures, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the foregoing reasons, third party Robert Fallon, Jr.'s motion to quash the subpoena for telephone records is denied. A status hearing is set for July 21, 2004, for a report on the information obtained in discovery, including the deposition of Robert Fallon, Jr., concerning the question of personal jurisdiction. The briefing schedule previously set on Sun Coast's motion to dismiss or transfer is vacated, and briefing on that motion is suspended.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | JUN 1 8 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 45 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/16/2004 | |
| | | | date mailed notice | |
| KM | courtroom deputy's initials | Date/time received in central Clerk's Office | KM mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ARMAMENT SYSTEMS AND PROCEDURES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 02 C 5310 |
| SUNCOAST MERCHANDISE CORPORATION, | ) ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| SUN COAST MERCHANDISE CORP., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 03 C 6515 |
| ARMAMENT SYSTEMS AND PROCEDURES, INC., | ) ) ) ) | |
| Defendant. | ) | |

DOCKETED
JUN 1 8 2004

## MEMORANDUM OPINION

Before the court is third party Robert Fallon, Jr.'s motion to quash a subpoena for telephone records. For the reasons stated below, the motion is denied.

## BACKGROUND

This is a patent infringement action brought by Armament Systems and Procedures, Inc. ("Armament"). Armament originally brought this action against only one defendant, Shell Oil Company ("Shell"). On May 12, 2003, Armament filed a Second Amended

Complaint adding Sun Coast Merchandise Corporation ("Sun Coast") and Capital Cities Marketing, Inc. ("Capital Cities"). On October 30, 2003, we entered summary judgment in favor of Shell and against Armament. Therefore, the remaining defendants are Sun Coast and Capital Cities.

Armament manufactures and sells handheld miniature LED flashlights and owns a "Miniature LED Flashlight" patent, U.S. Patent No. 6,190,018. Armament alleges that Sun Coast and Capital Cities are "manufacturing, importing, distributing, using, selling, and/or offering to sell . . . miniature LED flashlights" that infringe Armament's patent. (Second Amended Complaint, ¶¶ 13, 17.) Armament's claim arises from a merchandise offer included in an attachment to the envelope included with a Shell credit card billing statement.

In addition, Sun Coast filed a declaratory judgment action against Armament in the Central District of California. That action was transferred to this court in September 2003. Sun Coast has moved to dismiss or transfer the cases to California. The parties are conducting discovery regarding this court's jurisdiction over Sun Coast.

The instant motion arises in connection with that discovery. Armament believes that Sun Coast has an agent, Robert Fallon, Jr., doing business in this district. Armament served a subpoena on Ameritech for "[a]ll records, including monthly Billing Statements

and details of calls made and received, from January 1, 2002 to the present for the following telephone numbers 847.304.7874 and 847.304.4846." According to Mr. Fallon, these numbers are for, respectively, his office telephone and his home telephone. Mr. Fallon now moves to quash the subpoena on several grounds.

Mr. Fallon first objects to the subpoena on a variety of procedural grounds, none of which persuade us that the subpoena should be quashed. He also contends that the telephone records are irrelevant to this action. We reject that argument as well. Attached to Armament's response to the motion are copies of business cards obtained by Armament. Each card identifies Sun Coast Merchandise Corporation and either "Robert D. Fallon, Jr., Director, Sales & Marketing" or simply "Robert D. Fallon" at 20933 N. Laurel Dr., Barrington, Illinois. Both cards provide the e-mail address of *bfallon@suncoastmc.com*. One card lists the telephone number (847) 304-7874, for which records were subpoenaed. That number is listed to "Sun Coast Marketing Inc., 20933 Laurel Dr., Barrington, IL." The other telephone number for which records were subpoenaed, (847) 304-4846, is listed to "Robert D. Fallon" at the same address. Given these circumstances, we believe that the telephone records could lead to relevant evidence regarding jurisdiction in this district over Sun Coast.

Mr. Fallon also argues that the subpoena violates his and others' rights of privacy by seeking records of personal telephone

calls and confidential business contacts. He expresses concern over Armament using this information for "meddlesome purposes." At the status hearing held in this case today, counsel for the parties agreed to work together to avoid privacy issues.

### CONCLUSION

For the foregoing reasons, third party Robert Fallon, Jr.'s motion to quash the subpoena for telephone records is denied. A status hearing is set for July 21, 2004, for a report on the information obtained in discovery, including the deposition of Robert Fallon, Jr., concerning the question of personal jurisdiction. The briefing schedule previously set on Sun Coast's motion to dismiss or transfer is vacated, and briefing on that motion is suspended.

DATE:   June 16, 2004

ENTER:  _____
        John F. Grady, United States District Judge